pluries citation issued to the June term, 1854, which was returned "non est inventus."

Upon these two returns of non est, _Mr. Bayard_, for the plaintiff in error, claimed to be heard as upon a return of cited; otherwise, the defendant could not review the judgment against him, where he could not serve process on the plaintiff.

_The Court_ decided to hear the case, ex parte. Two grounds were relied on for the reversal of the judgment.

1. That the form of action adopted in this case, namely, debt, was not the action given by the statute, which is case.

2. That the declaration was materially defective, for want of an averment that the plaintiff _was a citizen of this State._

The statute provides for two cases, viz: the carrying out the slave of citizens, and the carrying out the slave of a citizen of another State, _escaping_ from such State. The declaration did not state whether it was the one case or the other, and the court could not infer that it was the slave of a citizen any more than they can notice another fact outside the record, which the counsel stated to be so, viz: that the person taken out of the State was not only not a slave, but could not be a slave. He was an Indian; since given up by the claimant as such.

The distinction was stated to be between the defective statement of a title or cause of action; and the statement of a defective title or cause of action. (1 _Wms. Saunders_, 238, note n.; 2 _Tidd Pr._, 925; 1 _M. & Selw._, 234; _Dougl._, 679; _Rushton_ vs. _Aspinwall;_ 2 _Term Rep._, 141; 4 _Ib._, 472; 6 _Ib._, 528; 5 _Barn. & Ald._, 27; 27 _Eng. Com. Law Rep._, 24.)

           The judgment was reversed on this ground.

_Bayard,_ for plaintiff in error.

------

DEAN, Lessee of ELISHA E. & I. J. HUDSON _vs._ THOMAS DAZEY, tenant.

On the trial of a second ejectment between the same real parties, the record of the former action is admissible in evidence, though the fictitious parties be different, and also the term laid.

WRIT OF ERROR to the Superior Court for Sussex county, in an

action of ejectment. Heard at the June term, 1845, before the Chancellor and Judges Milligan and Wootten.

A previous action of ejectment had been tried and verdict rendered as between the real, but not the nominal, parties to this action. On the trial of the second ejectment, the record of the former action was admitted in evidence. This was the principal error relied on; and it was argued—1. That the record was not evidence, because it was not between the former parties. 2. Because the term sued for as laid in the several demises, was not the same. (1 *Greenl. Evid.*, 590, § 522, 520; *Adams on Eject.*, 192, 294, 312; 1 *Mod. Rep.*, 10; 2 *Harr. Rep.*, 30; 3 *Ib.*, 489; 4 *Ib.*, 100.)

*Mr. Cullen*, contra.—The record of the former trial was properly admitted in evidence. It is between the same real parties, and for the same subject matter. The fictitious parties will be noticed only for form sake. The court overlook them on a question depending on the rights of the real parties. The term laid in the demise is of no consequence on this question. (1 *Saund. Pl. & Ev.*, 1064; *Bull. N. P.*, 87, 232; 2 *Phill. Ev.*, 8; 28 *Com. Law. Rep.*, 19, 11; 1, 2 *Barn. & Adolp.*, 690, *Root* vs. *Winch; Excheq. Rep.*, 728; 2 *Cromp. Mees. & Rosc.*, 728; 4 *Bac. Ab. Ev.*; 7 *Watts Rep.*, 20, 26.)

Judgment affirmed.

*Layton*, for plaintiff in error.
*Cullen*, for defendant in error.

---

JOSHUA S. BURTON and Ruth, his wife, late RUTH H. RODNEY *vs.* HENRY F. RODNEY, Executor of ROBERT BURTON, dec'd.

If judgment be recovered against husband and wife, for the debt of the wife dum sola, and the husband die, his estate continues liable; and a scire facias may be issued against his executor.

QUESTIONS reserved for hearing before all the judges.

The case below was a scire facias on a judgment in the Superior Court for Sussex county.

A case was stated, and the following facts agreed on:—

Joshua S. Burton and Ruth, his wife, on the 11th of August, 1842, recovered a judgment in the Superior Court, against Robert Burton, and Sarah, his wife, in debt on bond executed to the said Ruth while sole, by the said Sarah while sole, and before the mar-